Filed 2/26/24  P. v. Ryan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>RICHARD EVERN RYAN,<br><br>    Defendant and Appellant. | C097312<br><br>(Super. Ct. No. F20000161B) |

Defendant Richard Evern Ryan pleaded guilty to grand theft in 2021 and the trial court placed him on probation for two years.  After finding defendant had violated probation, the trial court terminated probation and sentenced defendant to the middle term of two years in county jail.  On appeal, defendant argues the trial court should not have relied on his criminal history in imposing the middle term because that history was not based on a certified record of conviction.

We conclude defendant forfeited his challenge by failing to object in the trial court.  We will affirm the judgment.

BACKGROUND

Defendant stole a generator from his former landlord and pleaded guilty to grand theft.  (Pen. Code, § 487, subd. (a).)[1]  The trial court suspended imposition of sentence

---

[1]  Undesignated statutory references are to the Penal Code.

1

and placed defendant on probation for two years. A probation officer noted in a June 2021 probation report that he had reviewed records pertaining to defendant from the following sources: the California Law Enforcement Telecommunications System (CLETS), the Federal Bureau of Investigation (FBI), the Department of Motor Vehicles (DMV), and the trial court. Review of the records indicated that defendant had multiple convictions, including: (1) a 2003 juvenile disposition for felony grand theft (§ 487); (2) a 2005 juvenile disposition for attempted first degree burglary (§ 459); (3) six misdemeanor convictions between 2009 and 2017; (4) a conviction for second degree burglary in 2017 (§ 459); and (5) four misdemeanor convictions between 2017 and 2021. The probation report noted that defendant had been on probation when he committed the grand theft.

Later that year, two police detectives conducted a probation search of defendant at his apartment. They searched defendant's bedroom and found a significant amount of controlled substances and paraphernalia, including Fentanyl (over 43 grams), a small amount of methamphetamine, and pills in a prescription bottle for Zoloft. They also found a gun. The probation department filed a probation violation report.

A probation officer noted in an August 2022 probation report that he had reviewed defendant's CLETS, FBI, DMV, and local court records and found the same convictions as reported in the June 2021 probation report.

The trial court terminated defendant's probation and sentenced him to county jail for the middle term of two years. The trial court said it selected the middle term because the circumstances in aggravation outweighed the circumstances in mitigation. Specifically, the trial court said defendant took advantage of a position of trust, his prior convictions as an adult or sustained petitions as a juvenile were numerous or increasing in seriousness, he served a prior prison term, he was on two grants of probation at the time of the offense, his prior performance on probation was largely unsatisfactory, and he was

2

assessed as a high risk to re-offend. Defendant did not object to the sentence at the time it was imposed.

In October 2022, defendant moved to recall his sentence, arguing that the probation report impermissibly contained his juvenile adjudications and the trial court erroneously relied on those adjudications during sentencing. Defendant asked the trial court to consider whether the striking of those juvenile adjudications would alter the sentence. The trial court declined to recall defendant's sentence, explaining that although it had mentioned defendant's juvenile record during the sentencing hearing, it ultimately did not rely on the juvenile record for sentencing.

## DISCUSSION

Defendant cites section 1170, subdivision (b)(3) for the proposition that the trial court could only consider defendant's prior convictions for the purposes of sentencing if they were established by a certified record of conviction. He acknowledges that the cases which have addressed section 1170 involve imposition of an upper term sentence, whereas here the trial court sentenced defendant to the middle term. But he argues the statute appears to suggest that in imposing any sentence that would be unduly harsh in light of the offense, the trial court should not rely on the probation officer's report unless it is accompanied by a certified record of conviction. He further argues his juvenile criminal record was sealed and inadmissible.

The People respond that defendant forfeited his challenge because he did not object on these grounds in the trial court, and in any event, the challenge under section 1170 fails because the trial court imposed the middle term. Although there appears to be merit in both of the People's arguments, it is sufficient for us to conclude that defendant forfeited his challenge.

Prior to January 1, 2022, section 1170, subdivision (b) stated: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court."

3

(Stats. 2020, ch. 29, § 14.) However, the Legislature amended section 1170 via Senate Bill No. 567 (2021-2022 Reg. Sess.) to now require a trial court, in its sound discretion, to impose the lower or middle term, unless there are "circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) "[T]he court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

Defendant was sentenced in August 2022, long after the amendments to section 1170 came into effect. In failing to object in the trial court to the adequacy of the evidence of defendant's criminal history, including his juvenile criminal history, defendant forfeited his challenge on appeal. (See *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [" '[c]laims of error relating to sentences "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner" are waived on appeal if not first raised in the trial court' " (italics omitted)].)

## DISPOSITION

The judgment is affirmed.

      /S/            
MAURO, Acting P. J.

We concur:


     /S/          
DUARTE, J.


      /S/         
MESIWALA, J.